UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA M. PANTOJAS,

                Plaintiff,

-against-

STEWART ANN, et al.,

                Defendants.

24-CV-7922 (JGLC)

**ORDER OF DISMISSAL**

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Joshua Pantojas filed this action on October 17, 2024. ECF No. 1. Defendants moved to dismiss Plaintiff's complaint on April 25, 2025. ECF No. 17. Plaintiff failed to oppose the motion; however, he filed a notice of change of address on June 6, 2025. ECF No. 21. On June 10, 2025, the Court ordered Plaintiff to show cause as to why Defendants' motion should not be deemed unopposed. ECF No. 20. After some issues with service (at no fault of Defendants), on June 12, 2024, the Order to Show Cause was mailed to the updated address on file for Plaintiff. *See* ECF No. 22. Due to the delays in service, on June 17, 2025, the Court extended Plaintiff's deadline to file an opposition to Defendant's motion to dismiss to June 30, 2025. ECF No. 23. The Court warned Plaintiff that failure to do so could result in the motion being deemed unopposed or dismissal of the case for abandonment. *Id.* The order was mailed to Plaintiff's updated address. On June 20 and June 23, 2025, Plaintiff filed proof of service of the Summons and Complaint with respect to three defendants, but still did not respond to the Court's Order to Show Cause or Defendants' motion to dismiss. ECF Nos. 24–25. To date, Plaintiff has not filed any response to the Court's June 10, 2025 Show Cause Order.

    Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a

court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court considering dismissal under Rule 41(b) must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id*

Here, the factors weigh in favor of dismissal. Plaintiff's absence has prevented any progress in the litigation. This Court also provided Plaintiff with ample opportunity, through an Order to Show Cause and an extension of the deadline to reply, to resume litigating this action or to defend against Defendants' motion. That delay will continue to prejudice Defendants, who seek dismissal of this action, and it does not appear that any other available (or lesser) sanctions would prove effective in compelling Plaintiff's attention to the action he himself initated. Moreover, the Court already attempted to balance Plaintiff's opportunity to be heard with the management of its docket by first providing an opportunity for Plaintiff to explain his delay in opposing Defendants' motion to dismiss. In short, because the Court has not received any response from Plaintiff, dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is

respectfully directed to terminate all pending motions and to close this case.

Dated: September 18, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge